**CRAMER v MERGARD et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5178. Decided March 1, 1937

Francis A. Hoover, Cincinnati, and Dudley Miller Outcalt, Cincinnati, for appellee. DeCamp, Sutphin & Brumleve, Cincinnati, for Herman Mergard, Jr.

Bert H. Long, Cincinnati, and John M. McCaslin, Cincinnati, for Chester F. Kroger.

## OPINION

By HAMILTON, J.

Appeal from the Court of Common Pleas of Hamilton County on questions of law. Bernard Cramer, appellee here, brought an action for personal injuries suffered in falling into an elevator shaft of an automatic elevator. The building was owned by Kroger and leased by Mergard, defendants-appellants.

The trial resulted in a verdict for the defendants. The plaintiff filed a motion for a new trial, and the court granted the motion. From the granting of the motion, defendants below, appellants here, appeal.

Two grounds of error are stressed:—

First, that the court erred in refusing to grant the motion of the defendants for a directed verdict for the defendants, at the close of plaintiff's evidence, and renewed at the close of all the evidence; and, second, that the granting of the motion for a new trial was an abuse of judicial discretion.

If the court erred in overruling the motion for an instructed verdict, the judgment should be reversed. We will first consider this question.

It appears from the evidence that the elevaor was of automatic construction, and was electrically operated; the person desiring to use the elevator pushed an electric button which brought the elevator cab to the floor where the person desired to enter it.

The elevator' was so constructed that, if in proper working condition, the doors would not open unless the elevator cab was at the floor of the building where the passenger sought to enter the same. When the cab of the elevator was at the proper floor, it released a latch and the door could be opened. If the elevator were in proper condition the latch should not have released unless the cab was at the proper floor.

On the day in question, plaintiff Cramer pushed the button for a space of time, and then pushed the door and it opened. The cab was not there and the plaintiff fell into the elevator shaft and was injured.

The building code of the City of Cincinnati and the laws of the State of Ohio require such elevator doors to be kept in safe operating condition and in good shape. The happening of the events show that they were not in good operating condition and were not in good shape. This under the rule of res ipsa loquitor would present a case where a jury might draw an inference of negligence. However, in addition to this, there was evidence tending to show that the door had refused to stay locked when the cab was not at the floor on two or three other occasions, and that this defect had been called to the attention of the lessee defendant.

Cramer testified that the door opened, and in opening the door his fingers were caught, causing him to go forward, he stepped, and the cab not being there, he was precipitated into the shaft. This evidence, together with the un- explained opening of the door, presents a case to go to the jury on the question of proximate cause of the injury, and unless the plaintiff's evidence raised a presumption of contributory negligence, there was no error in overruling the motion for an instructed verdict.

The facts do not present a case of step in the darkness. They present more nearly a case of trap.

In addition to the above, plaintiff's testimony of the accident in catching his hand, which would have an effect upon his mental, as well as his physical condition, should be considered by the jury as bearing on the question of contributory negligence, and as tending to rebut a presumption.

Under these circumstances, we are of opinion that the evidence of plaintiff did not raise a presumption of negligence on the part of the plaintiff.

The court did not err in over- ruling the motion of the defendants for an instructed verdict.

Did the trial court abuse its discretion in

 

granting the motion for a new trial on the weight of the evidence?

We do not look with favor on finding trial courts guilty of abuse of discretion in granting the motion for a new trial on the weight of the evidence.

The appealability on this ground has not been challenged in this case, and we do not pass on that question. It is unnecessary to pass upon the jurisdictional question, as the record fails to show any abuse of discretion on the part of the trial court in granting the motion.

Our conclusion is, that the trial court did not abuse its discretion in granting the motion for a new trial, and the defendants were not entitled to a directed verdict in the case. It follows that the action of the Court of Common Pleas. granting a new trial should not be disturbed.

ROSS, PJ, and MATTHEWS, J, concur.